UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THEODORE J. VIGIL,<br><br>Plaintiff,<br><br>v.<br><br>AMYRA COBB-HAMPTON, et al.,<br><br>Defendants. | No. 2:25-cv-01144-DC-SCR<br><br>ORDER AND FINDINGS AND RECOMMENDATION |

Plaintiff is proceeding pro se in this action, which was referred to the undersigned pursuant to Local Rule 302(c)(21). Plaintiff has filed a request for leave to proceed in forma pauperis ("IFP") and has submitted the affidavit required by that statute. *See* 28 U.S.C. § 1915(a)(1). The motion to proceed IFP will be granted. However, for the reasons provided below, the Court finds Plaintiff's complaint is legally deficient and recommends that it be dismissed without leave to amend.

I. SCREENING

A.  Legal Standard

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). In reviewing the complaint, the Court is guided by the requirements of the Federal Rules of Civil Procedure.

1

Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a). Plaintiff's claims must be set forth simply, concisely and directly. Fed. R. Civ. P. 8(d)(1). Forms are available to help pro se plaintiffs organize their complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. *See Neitzke*, 490 U.S. at 327; *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010), *cert. denied*, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. *Erickson*, 551 U.S. at 94. However, the court need not accept as true legal conclusions, even if cast as factual allegations. *See Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at

678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. *See Akhtar v. Mesa*, 698 F.3d 1202, 1213 (9th Cir. 2012).

  B. The Complaint

Plaintiff's complaint names three defendants: 1) Amyra Cobb-Hampton, a superior court judge; 2) the Solano County Superior Court; and 3) the California Court of Appeal. ECF No. 1 at 1. Plaintiff states this Court has federal question jurisdiction because he asserts claims that his constitutional rights were violated under the First, Fifth, and Fourteenth Amendments. *Id*. at 2. Plaintiff alleges that he has filed at least 21 "notices, objections, affidavits, and motions" in his family law case in Solano County and that they have been "categorically ignored." *Id*. at 6.[1] Plaintiff also complains that Judge Cobb-Hampton denied a motion for disqualification. *Id.* at 2, 7. Plaintiff contends Cobb-Hampton improperly ruled on the motion herself rather than referring it to a neutral judge. *Id.* at 8. Plaintiff petitioned for a writ of mandate from the California Court of Appeal, which denied the writ as "procedurally and substantively inadequate." *Id*. at 8.

Plaintiff's complaint asserts the following claims: 1) violation of procedural and substantive due process; 2) denial of access to the courts; 3) ultra vires; 4) "pattern of collusion and administrative failure"; 5) injunctive and declaratory relief; 6) failure to prevent civil rights conspiracy; 7) Federal Rule of Civil Procedure 60; 8) intentional infliction of emotional distress (IIED). ECF No. 1 at 8-15. Plaintiff seeks declaratory and injunctive relief, including having this Court declare that the actions taken by the state court are void. *Id.* at 16. Plaintiff further seeks $15 million in damages.

  C. Analysis

The complaint names as defendants a judge and two courts. Those defendants have immunity as to any claim for damages. "A judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural

---

[1] The Complaint does not contain numbered paragraphs as required by Federal Rule of Civil Procedure 10(b) and thus these references are to the page number generated by the Court's CM/ECF system.

errors." *Stump v. Sparkman*, 435 U.S. 349, 359 (1978).  Judges are immune from damages actions for judicial acts taken within the jurisdictions of their courts. *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986).  This immunity applies "however erroneous the act may have been, and however injurious in its consequences it may have proved to plaintiff." *Id.*  Judicial immunity, however, is not a bar to prospective injunctive relief. *Pulliam v. Allen*, 466 U.S. 522, 542 (1984).

Plaintiff complains of Judge Cobb-Hampton's rulings and failure to rule on other items he has filed.  Ruling on motions and managing the docket are clear judicial acts to which a judge is entitled to immunity.

The Solano County Superior Court and the California Court of Appeal have Eleventh Amendment immunity.  *See Munoz v. Superior Ct. of L.A. County*, 91 F.4th 977, 980 (9th Cir. 2024) ("We lack jurisdiction over these claims because actions against state courts and state court judges in their judicial capacity are barred by Eleventh Amendment immunity."); *Simmons v. Sacramento County Sup. Ct.*, 318 F.3d 1156, 1161 (9th Cir. 2003) ("Plaintiff cannot state a claim against Sacramento County Superior Court (or its employees), because such suits are barred by the Eleventh Amendment.").

To the extent Plaintiff may contend he can obtain injunctive relief against Judge Cobb-Hampton, the Court disagrees.  Although the exception recognized in *Ex parte Young*, 209 U.S. 123 (1908), allows a plaintiff to sometimes sue for prospective injunctive relief, the exception "applies only in narrow circumstances." *Munoz*, 91 F.4th at 980.  The Ninth Circuit recently stated that *Ex parte Young* "does not normally permit federal courts to issue injunctions against state-court judges." *Id.*, citing *Whole Woman's Health v. Jackson*, 595 U.S. 30, 39 (2021).  As the Ninth Circuit observed, "any errors made by state-court judges can be remedied through some form of appeal." *Id.*

Here, Plaintiff sought appellate review of the ruling on his disqualification motion, and the California Court of Appeal rejected his petition for a writ.  ECF No. 1 at 88.  This raises another potential problem for the instant action.  Federal district courts do not have jurisdiction to review final state court judgments. *See Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923).  The *Rooker-*

4

1  *Feldman* doctrine prevents "a party losing in state court … from seeking what in substance would
2  be appellate review of the state judgment in a United States district court." *Henrich v. Valley*
3  *View Dev.*, 474 F.3d 609, 611 (9th Cir. 2009); *See also Ignacio v. Judges of U.S. Court of*
4  *Appeals*, 453 F.3d 1160, 1165-66 (9th Cir. 2006) (affirming dismissal "because the complaint is
5  nothing more than another attack on the California superior court's determination in [the
6  plaintiff's] domestic case."). Plaintiff is effectively seeking review in this Court of the rulings of
7  the Superior Court and California Court of Appeal.

8  The in forma pauperis statute, 28 U.S.C. § 1915(e) provides that this Court "shall dismiss
9  the case at any time" if it determines that the action fails to state a claim on which relief may be
10 granted, or "seeks monetary relief against a defendant who is immune from such relief." Plaintiff
11 seeks $15,000,000 in damages from three defendants that have judicial and/or Eleventh
12 Amendment immunity. This action must be dismissed. *See Munoz*, 91 F.4th at 981 ("Eleventh
13 Amendment immunity is a threshold jurisdictional issue, and we have no power to resolve claims
14 brought against state courts or state judges acting in a judicial capacity."). The allegations in the
15 complaint all concern actions taken in a judicial capacity and take issue with the rulings of the
16 state court. Even the count of the complaint entitled "ultra vires," still complains of the state
17 judge's ruling on a motion. ECF No. 1 at 11.

18 The Court has considered whether Plaintiff should be allowed leaved to amend. Plaintiff
19 is proceeding pro se and a pro se litigant should be given leave to amend unless it is absolutely
20 clear that the deficiencies cannot be cured by amendment. *Akhtar v. Mesa*, 698 F.3d 1202, 1212
21 (9th Cir. 2012). The Court concludes that leave to amend would be futile, as the Defendants are
22 entitled to Eleventh Amendment immunity. Futility of amendment is a sufficient ground to deny
23 leave to amend. *See Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th
24 Cir. 1999) ("Where the legal basis for a cause of action is tenuous, futility supports the refusal to
25 grant leave to amend."). Leave to amend is futile where immunity forecloses a plaintiff's claim
26 as a matter of law. *See Valencia v. Juan*, 2024 WL 1007234 at *2 (E.D. Cal. March 8, 2024).
27 ////
28 ////

II. CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is GRANTED.

**IT IS FURTHER RECOMMENDED** that:

1. Plaintiff's action be dismissed; and

2. The Clerk be directed to enter judgment and close this file.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen days** after being served with these findings and recommendations, either party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 29, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE